## PARKS *et al. vs.* THE STATE OF GEORGIA.

Where the evidence showed the presence of the defendants in a store at night, that they fled through the front door when opened by the proprietor, and that certain articles were gone, but did not show how they obtained entrance, nor any indication of the use of force, a request to charge that if they broke and entered, the crime would be burglary, not larceny, was properly refused.

Criminal law. Before Judge ERWIN. Hall Superior Court. March Term, 1880.

Reported in the decision.

MARLER & PERRY, for plaintiffs in error.

A. L. MITCHELL, solicitor-general, by Z. D. HARRISON, for the State.

SPEER, Justice.

Plaintiffs in error were indicted for the offense of "larceny from the house."

When the evidence was closed, counsel for the accused requested the court to give in charge to the jury the "definition of the offense of burglary under the Code."

Further requested the court to charge, " That if the evidence showed them that the store-house of Harman & Canning had been broken and entered by the accused with a key, or otherwise, with intent to commit a larceny—then the accused are guilty of burglary and you cannot find them guilty of that offense under this indictment, and hence you must find them ' not guilty.' "

The court was requested to charge, " That before the defendants could be found guilty under this indictment, it must appear the defendants entered this store without breaking within the meaning of the law."

The evidence shows that the accused were found in the store-house of Harman & Canning, about 3 a. m., 25th December, 1879, in company with one Jonah. That Harman, seeing a light in the store-room, went to front door and found it locked. That he unlocked it with a key he had, and found the accused in front of counter and Jonah behind the counter. One of the accused had a candle in his hand. That when witness went in the accused escaped out of the front door, and eventually, after a scuffle with Jonah, he also escaped out of the same door. That several articles were missing, and that Jonah was arrested that night and had some of the stolen articles on his person, and admitted he took them from the store of Harman & Canning. Canning, the other proprietor, testified he had locked the door and fastened the windows securely the night of the larceny, and thinks the accused must have entered with a key, as there was one in the town that would fit the lock. There was no evidence of any force or violence used in entering the store.

It is insisted that under this evidence the court should have given in charge the requests asked for, and error is assigned for his refusal so to do, counsel insisting that if the accused were guilty of any offense it was that of "burglary," "and not larceny from the house."

"Larceny from the house is the breaking or entering any house with intent to steal, or after breaking or enter-

ing said house, stealing therefrom any money," etc.    Code, 4413.

The evidence shows that the accused were in the store-house at 3 o'clock a. m.    That they were standing in front of the counter, one with a lighted candle in his hand, while Jonah, an accomplice, was behind the counter. That when witness, Harman, entered by unlocking the front door, the accused escaped by it, as also did Jonah subse-quently.    That some of·the stolen goods were recovered from Jonah.    *There is no evidence that the store was broken or any force used in entering.*    But the evidence is clear that these defendants were in there with another at this unseasonable hour, engaged in the common purpose of committing a larceny, and all escaped and fled when de-tected.    These facts, in our judgment, make out a case "of larceny from the house" in the entire absence of proof as to *how* the accused entered—whether by secreting themselves the night before in the store, or by means of a key—one theory fully as probable as the other.    One is guilty of larceny from the house—1st, "who breaks with intent to steal;" 2d, "who enters with intent to steal," or "who, after breaking or entering, steals therefrom," etc· That these defendants "had entered," is evident, and that they stole from said house is evident—this constitutes the offense.    *How they entered* is unknown, nor was it necessary to prove it to establish guilt under this indict-ment.    "Entering and stealing" are two facts that consti-tute one definition of this offense, and these facts the evi-dence clearly establishes.    We find no error in the court's refusing to charge as set forth in the record.

Let the judgment below be affirmed.